IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CHRISTOPHER AMBROSE,
        Plaintiff

Case No.: 3:25-cv-00398-SVN

v.

BANDY X. LEE,
        Defendant

## PLAINTIFF'S NOTICE OF DEFENDANT'S NONCOMPLIANCE WITH COURT ORDER

Plaintiff Christopher Ambrose, proceeding *pro se*, respectfully notifies the Court of Defendant's continued failure to comply with this Court's directives:

1. On July 10, 2025, the Court ordered Defendant to:

   - redact the names of minor children improperly included in her Motion to Dismiss;

   - resubmit illegible Exhibit pages (e.g., pages 49 and 52); and

   - add her email address to her Motion to Participate in Electronic Filing.

   The Court required these corrections to be filed no later than July 17, 2025.

2. Defendant failed to file any corrected documents by the July 17 deadline. She also did not seek an extension three (3) days in advance, as required by Local Rule 7(b). Instead, she mailed her submission (filed as Dkt. #34) knowing the USPS anticipated delivery would not be until July 19—two days late. [1] Under Fed. R. Civ. P. 5(d)(4) and Local Rule 5(f), a filing is timely only if received - not merely mailed - by the deadline.

---

[1] The USPS expected delivery date is stated on the envelop filed as item #5 with Dkt #34.

In Plaintiff's Notice filed on June 13 (Dkt. #25), he alerted Defendant to these rules and protocols when she had ignored them while filing her Motion for Extension of Time to File Answer to Complaint days after the deadline (Dkt. #21). She also ignored them again when she filed her answer to the Complaint, due by July 7, on July 9. In both cases, the envelops indicate the USPS estimated the delivery dates after the filing deadlines. In short, *Defendant has ignored every filing deadline to date.*

3. Rather than submitting the corrected Motion to Dismiss with redactions and legible Exhibits, Defendant filed (as Dkt. #34), something titled "Motion for Extension of Time to File a Response to the Complaint." However, this is merely a *re-filing* of her Motion dated June 3, which she filed nearly a week late on June 9 (Dkt. #21). There does not appear to be a current request for an extension.

   Adding to the confusion, Defendant's filing includes multiple unrelated documents - dozens of pages from her curriculum vitae, several copies of materials about a conference, and a confidential patient report from Allegheny County Bureau of Corrections, among other inappropriate items, like a stray page from a Juvenile Court filing involving one of the children, with his name un-redacted. These pages are in no particular order.

4. Are we to assume Defendant seeks an additional 30-day extension yet provides no explanation for her repeated delinquency. Pursuant to Fed. R. Civ. P. 6(b)(1)(B), such a post-deadline extension requires a showing of "excusable neglect," which Defendant has not attempted to make.

Given the Court's extremely modest order - redacting names, adding legible pages and an email address, then refiling the Motion - the need for an extension seems unreasonable on its face.

5. Defendant's pattern of repeatedly ignoring deadlines and protocols and her deliberate or reckless disregard for the Court, as exemplified by her filing irrelevant, disordered materials, betray her extreme disrespect for the judicial process, the Court's authority and Plaintiff. Moreover, her egregious actions undermine judicial efficiency and prejudice Plaintiff's rights. [2]

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

- Decline to accept Defendant's untimely, inappropriate, and procedurally deficient filing (Dkt. #34);
- Proceed based on the record as it existed prior to Defendant's late submission;
- Sanction Defendant for her extreme disregard for the Court, its orders, protocols, and deadlines; and
- Grant such further relief as the Court deems appropriate to address Defendant's continued noncompliance.

**July 21, 2025**

Respectfully submitted,<br>
/s/ *Christopher Ambrose*<br>
Christopher Ambrose, Plaintiff (pro se)<br>
153 Middle Beach Rd.<br>
Madison, CT 06443<br>
ca0515@aol.com

---

[2] Plaintiff has had to deal with Defendant since his ex wife hired her in April 2023. Based on Defendant's history, it is likely she will now claim the documents filed as Dkt. #34 were "a mistake," and request the Court to indulge her by accepting whatever she wants to submit, whether the redacted Motion or a request for an extension.