**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

CHRISTOPHER A. AMBROSE**,** Plaintiff

v.                                                                    Case No. 3:25-cv-00398-SVN

BANDY X. LEE, Defendant

**URGENT**
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Civil Rule 5(e),

Plaintiff Christopher A. Ambrose respectfully moves this Court for a Protective Order governing

the use and dissemination of the financial records, residential lease and related filings, including

Plaintiff's Notice of Compliance, Plaintiff's Supplemental Declaration , and Summary of Asset

Liquidation and Corresponding Bank Deposits, ordered to be produced by the Court in its March

31, 2026 *Ruling and Order on Defendant's Motion to Dismiss* (ECF No. 50). ***Plaintiff further***

***requests that the Court enter this Order <u>prior to the April 14, 2026</u> discovery deadline.***

Immediate entry is necessary to ensure that Defendant Lee does not gain access to these sensitive

materials before the requested protections are in place, thereby preventing the certain and

irreparable harm that would result from unauthorized disclosure.

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c)(1) authorizes the Court, for good cause, to issue an order

to protect a party from annoyance, embarrassment, oppression, or undue burden, including by

limiting the use or dissemination of sensitive materials produced in discovery. The Supreme

Court has expressly recognized that courts have broad discretion to restrict the use of information

obtained through litigation in order to prevent abuse of the discovery process. *Seattle Times Co.*

*v. Rhinehart*, 467 U.S. 20, 34–36 (1984).

Courts routinely find good cause to protect confidential financial and personal information, particularly where disclosure would create a risk of misuse or harm unrelated to the merits of the case. See *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (granting protective order over sensitive financial information and recognizing the need to prevent unnecessary dissemination).

Importantly, the availability of filing documents under seal does not eliminate the need for a protective order governing how parties may use or disseminate those materials. The Second Circuit has made clear that courts may impose restrictions on the use of information obtained through litigation, independent of public access considerations, in order to protect legitimate privacy interests and to ensure the integrity of the judicial process. See *SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001). Accordingly, where, as here, the materials at issue contain sensitive personal and financial information and there is a demonstrated risk of extrajudicial dissemination, a protective order limiting use of such materials to this litigation and prohibiting disclosure to third parties is appropriate and well within the Court's discretion. Such relief does not impair Defendant's ability to access or use the materials for purposes of litigating this case, but merely prevents their misuse outside the litigation.

## II. GOOD CAUSE FOR PROTECTIVE ORDER

Good cause exists for the entry of a protective order because this case involves highly sensitive financial records and private family information, as well as a documented history of extrajudicial dissemination by Defendant Lee. A protective order is necessary to prevent Defendant from using the discovery process to further a long-running "public campaign" of harassment violating the privacy of Plaintiff and his minor children.

Specifically, Defendant Lee has routinely published the Plaintiff's private data—including psychiatric notes and diagnoses concerning Plaintiff and confidential information regarding his minor children—on public blogs, podcasts, and newsletters; indeed, this conduct forms the very basis for the instant action. Defendant Lee coordinates these publications with several third parties who have a demonstrated history of utilizing confidential information against Plaintiff:

- **Karen Riordan:** Plaintiff's ex-wife, whom the Connecticut Superior Court has found—across multiple jurisdictions—engaged in the documented subornation of false statements from the minor children. *See* Opposition to Supplemental Motion to Dismiss (ECF No. 48, pp. 15-16). The Complaint further details Defendant Lee's deep professional association with Ms. Riordan and the frequent dissemination of sensitive information provided by her. *See, e.g.*, ECF No. 1 at p. 1 (and 180 additional references to Ms. Riordan throughout the Complaint).

- **Frank Parlato, Jr.:** A non-party associate of Defendant Lee who has published numerous articles by her on his website, *FrankReport.com*. The Complaint further details Defendant Lee's extensive publication history with Mr. Parlato. *See* ECF No. 1 at pp. 14, 24. Mr. Parlato is a convicted federal felon who pleaded guilty to tax fraud. *See United States v. Parlato*, No. 1:15-cr-00149 (W.D.N.Y. 2022). He has a documented history of "doxxing" Plaintiff and publishing confidential information—including court-sealed records—concerning Plaintiff and his children. Notably, Plaintiff is currently suing Mr. Parlato for defamation and related torts in this Court. *See Ambrose v. Parlato*, No. 3:25-cv-01151-SVN (D. Conn.).

- **Richard Luthmann:** A disbarred attorney and federal felon whose criminal record includes convictions for wire fraud and extortion. *See United States v. Luthmann*, No. 1:17-cr-00663 (E.D.N.Y. 2019). Defendant Lee has a lengthy history of collaborating with Mr. Luthmann to publicly malign Plaintiff by publishing confidential information—including court-sealed materials—concerning Plaintiff and his minor children. *See* ECF No. 1 at pp. 14, 20, 22, 36, 37 (and 40 additional references to Mr. Luthmann throughout the Complaint). Furthermore, Mr. Luthmann has frequently harassed Plaintiff online. *See* ECF No. 1 at p. 22. Given his prior conviction for fraud and extortion, his access to Plaintiff's private financial data and residential information presents a demonstrable risk of further harassment and extrajudicial misuse.

These individuals — each a close associate of Defendant Lee—utilize private data to publicly smear and harass Plaintiff. Absent a Rule 26(c) order, there is a high probability that Defendant Lee will share Plaintiff's bank statements, residential lease, and other sensitive discovery materials with these non-parties. Dissemination to individuals with criminal backgrounds involving dishonesty poses a significant risk of identity theft and irreparable harm to Plaintiff's financial and physical security. Because disclosed information cannot be "un-published," a protective order is the only means to prevent certain and irreversible injury.

## III. NECESSITY OF PRE-ACCESS PROTECTION

Plaintiff is prepared to fully comply with the Court's production deadline of April 14, 2026. However, because the Court's electronic system may provide immediate access to sealed filings, Plaintiff intends to manually file the records in a sealed envelope with the Hartford Clerk's

Office on the deadline date. This manual process ensures the records are not electronically accessible by Defendant Lee until this Motion is resolved. A protective order is therefore required not only to preserve confidentiality at the point of filing, but to govern Defendant's use of the materials after access is obtained. ***Plaintiff respectfully requests that the Court enter the requested Protective Order prior to the April 14 deadline*** to govern Defendant Lee's conduct immediately upon the Clerk's processing of the filing.

While Plaintiff intends to file these materials under seal to restrict public access, sealing alone does not protect against misuse by a party who obtains access through the litigation process. Once disclosed, Defendant Lee would be free—absent a protective order—to copy, share, discuss or publish Plaintiff's sensitive financial and personal information outside the confines of this case. As courts have recognized, restrictions on public access and restrictions on a litigant's use of discovery materials serve distinct purposes, and the latter requires a protective order under Rule 26(c). Accordingly, a protective order is necessary to ensure that these materials are used solely for purposes of this litigation and are not disseminated to third parties, as any such disclosure would result in a permanent loss of privacy that cannot be remedied after the fact.

## IV. CERTIFICATION PURSUANT TO FED. R. CIV. P. 26(c)(1)

Plaintiff certifies that he has not conferred with Defendant Lee regarding this Motion because any such conference would be futile and counterproductive. Given Defendant's lengthy documented history of disseminating Plaintiff's private information to third parties, Plaintiff believes that the conferral process itself—which would necessitate discussing the nature and

content of the documents at issue before a protective mandate is entered—would create an immediate and irreparable risk of further extrajudicial harassment and preemptive publication of sensitive data. Judicial intervention is required to establish a baseline of protection that the Defendant's prior conduct suggests she will not respect voluntarily.

## IV. PROPOSED TERMS OF PROTECTION

Plaintiff respectfully requests that the Protective Order include the following mandates:

1. **Strict Limitation of Use:** The produced records and filings shall be used solely for the purpose of litigating Defendant's *Supplemental Motion to Dismiss* (ECF No. 47) and for no other purpose.

2. **Prohibition of Dissemination:** Defendant is strictly prohibited from sharing, copying, publishing, discussing or otherwise disseminating the records, or any portion thereof, to *any* third party.

3. **No Disclosure to "Shadow Counsel":** Defendant, who appears *pro se*, is specifically prohibited from disclosing these records to non-parties, including but not limited to, disbarred attorney Richard Luthmann, Karen Riordan, and Frank Parlato, Jr.

## V. CONCLUSION

To prevent the weaponization of sensitive data and to protect Plaintiff's fundamental privacy interests, Plaintiff respectfully requests that the Court grant this Motion and enter the accompanying Proposed Order. Such protection is necessary to ensure that the production of records—mandated solely for the Court's evaluation of Plaintiff's IFP status—is not utilized as a vehicle for extrajudicial harassment or personal harm.

Dated: April 9, 2026

Respectfully submitted,
/s/ *Christopher Ambrose*
153 Middle Beach Rd.
Madison, CT 06443
T: 203.505.1889
E: ca0515@aol.com